IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD C. KOLESAR, | ) | |
|     Plaintiff, | ) | Civil Action No. 1:22-cv-122 |
| | ) | |
|     v. | ) | |
| | ) | |
| PRO-SOURCE PERFORMANCE | ) | RE: ECF No. 13 |
| PRODUCTS, INC., | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is a motion to dismiss filed by Defendant Pro-Source Performance Products, Inc. pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] ECF No. 13. Plaintiff Ronald C. Kolesar has filed a memorandum in opposition to the motion to dismiss. ECF No. 15. Defendant has filed a reply brief. ECF No. 16. The matter is now ripe for disposition.

**I.   Standards of Decision**

Pro-Source moves to dismiss under Rule 12(b)(1) arguing that this case is moot, and in the alternative, pursuant to Rule 12(b)(6) contending that Kolesar has failed to state a claim. Kolesar opposes dismissal of the amended complaint without a period of jurisdictional discovery to show his case is not moot. The standards which guide the Court's decision on motions under Rules 12(b)(1) and 12(b)(6) differ. The contours of these standards have been succinctly set out

---

[1] Plaintiff filed his original complaint on April 4, 2022. Defendant filed a motion to dismiss. ECF No. 8. In response thereto, Plaintiff filed an amended complaint. ECF No. 11. Defendant's motion to dismiss the original complaint will be dismissed as moot in light of the filing of the amended complaint.

1

by this Court in recent opinions, as follows. *See Douglass v. Blendjet Inc.*, 2022 WL 4386636, at *1–2 (W.D. Pa. Sept. 22, 2022).

### A. Rule 12(b)(1)

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenge the Court's "very power to hear the case." *See Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). As the party asserting jurisdiction, Mr. Kolesar "bears the burden of showing that [his] claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court accepts a plaintiff's allegations as true. *Id.* A defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). On a Rule 12(b)(1) motion, dismissal is appropriate only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) *quoting Bell v. Hood*, 327 U.S. 678, 682 (1946). A factual attack challenges subject matter jurisdiction without disputing the complaint's factual allegations, and requires the court to "consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2015) *quoting Petruska,*

2

462 F.3d at 302 n.3. *See also Kraemer v. Rostraver Twp*., 2023 WL 2206565, at *3 (W.D. Pa. Feb. 24, 2023).

Here, Pro-Source's motion is best understood as a factual attack on this Court's subject matter jurisdiction. With respect to a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302, *quoting Mortenson*, 549 F.2d at 891. When reviewing a factual attack on the Court's jurisdiction, a court is permitted to "weigh and consider evidence outside the pleadings." *Kraemer*, 2023 WL 2206565, at *3 n.3 (citations omitted). Kolesar has the burden of proving that jurisdiction exists, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*., *quoting Mortensen,* 549 F.2d at 891. *See also United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

B.   **Rule 12(b)(6)**

Pro-Source's motion also moves to dismiss for a failure to state a claim. The standard applicable to motions brought under Rule 12(b)6) differs from a subject matter jurisdiction challenge. The Federal Rules of Civil Procedure require notice pleading, as opposed to the heightened standard of fact pleading. That is, Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Furthermore, the Court of Appeals for the Third Circuit instructed that district courts are to engage in a three-step inquiry in order to determine the sufficiency of a complaint:

3

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) *quoting Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

At the third step requires, the Court must consider the specific nature of the claims presented and determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2013).

A complaint cannot be dismissed simply because it appears unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563, n.8.  Instead, the appropriate inquiry is whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. Generally, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss brought under Rule 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

With these standards in mind, the Court turns now to a review of Mr. Kolesar's amended complaint and the pending motion to dismiss it.

**III.     Discussion**

    **A.     Factual Background**

Mr. Kolesar is legally blind and/or visually impaired. Pro-Source has an online store that sells items such as protein powder and dietary products as well as other merchandise and accessories. In order to research its offerings or to make a purchase, consumers such as Kolesar must visit the website. Kolesar did just that but was unable to investigate products and/or make a purchase because the site was not built with appropriate "screen-reader" programs. He explains that screen reader programs "translate[] the visual internet into an auditory equivalent … the software reads the content of a webpage to the user." ECF No. 12, ¶ 3, *citing Andrews v. Blick Art Materials*, 286 F. Supp.3d 365, 374 (E.D.N.Y. 2017). Kolesar asserts that by Pro-Source's failure to make its website compatible with screen reader software, the company "denies approximately 7.4 million Americans who have vision difficulties access to its online store." *Id.*, ¶ 7.

Kolesar's complaint asserts claims that Pro-Source violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, ("Title III"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* He claims that a permanent injunction is required in order to ensure Pro-Source's website will become, and will remain, accessible to Kolesar and other blind or visually impaired individuals.

With regard to the permanent injunction, Kolesar seeks an order requiring that Pro-Source retain an Approved Accessibility Consultant to assist in improving accessibility of the website, ensure accessibility training to employees, perform accessibility audits, perform end-user accessibility testing, create a written accessibility policy to be posted on website and distributed to all client service agents, and accompany the accessibility policy statement with an

accessible means to submit accessibility-related questions and problems. Additionally, Pro-Source would be required to post a notice and link on its website to solicit feedback about accessibility, train client service agents to escalate calls from users with disabilities, and modify existing bug fix policies and practices. Kolesar seeks to have himself, his counsel, and his experts monitor the website for up to two years after the Approved Accessibility Consultant validates that the website is free of accessibility errors and violations. ECF No. 12, ¶ 11. Moreover, Kolesar seeks, inter alia, a declaratory judgment that Pro-Source violated both the ADA and the Rehabilitation Act, a permanent injunction directing Pro-Source to bring its website into compliance with the ADA, and nominal damages. *Id*. at page 18.

### B.      The Rule 12(b)(1) motion to dismiss

Although Pro-Source moves to dismiss for failure to state a claim, and then alternatively for lack of jurisdiction, jurisdiction is a threshold inquiry in the federal courts and must be addressed at the outset.

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994). The Court of Appeals for the Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 348-49 (3d Cir. 2014). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of

6

this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350, *quoting Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citation omitted). These cases make clear "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

Pro-Source moves to dismiss Kolesar's amended complaint as moot because the company has already "made efforts to comply with the WCAG[2] standards to make and keep their website accessible to the visually impaired," and because the website "has undergone small updates and since the updates have been completed the alleged, deficiencies claimed by the Plaintiff … no longer exist." ECF No. 14, p. 15. The company asserts that any barriers to the visually impaired that existed on its website have now been removed and that it is committed to "keeping the website up to date with accessibility standards." *Id*., p. 18. In support of its motion, it has submitted declarations from Pro-Source's website designer, Robert Chiney, and from Robert Kingett, a visually impaired individual who was hired by Pro-Source to test its website after modifications had been made. *See* ECF Nos. 14-2, 14-3. The company has additionally submitted an audio/video recording of Mr. Kingett using the website in question. ECF No. 11.

In opposition, Kolesar argues that since Pro-Source's Rule 12(b)(1) motion is supported by these declarations, and since he has not had an opportunity to examine these witnesses, he should be permitted a period of limited discovery to allow him to better rebut the company's factual attack on this Court's jurisdiction. *See* ECF No. 15, 16. The Court agrees.

---

[2] Web Content Accessibility Guidelines 2.0/2.1.  ECF No. 14, p. 9.

"When parties dispute facts necessary to establish jurisdiction, district courts allow jurisdictional discovery unless the claim is 'clearly frivolous.'" *Argentina v. Wells Fargo*, 2022 WL 3337728, at *3 (M.D. Pa. June 16, 2022). Such discovery is appropriate in connection with motions brought under Rule 12(b)(1). *See, e.g., Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016). That is, the Court is authorized to order jurisdictional discovery in order to determine whether subject matter jurisdiction exists. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015); *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 197 (3d Cir. 2003) (allowing jurisdictional discovery to determine facts relating to subject matter jurisdiction). Such discovery should be narrowly tailored and often "a few responses to interrogatories will … suffice." *Lincoln Ben. Life*, 800 F.3d at 108.

To resolve this dispute then, the Court will allow limited discovery on the issue of subject matter jurisdiction, specifically evidence regarding Pro-Source's mootness argument and the declarations submitted in support thereof. Accordingly, Pro-Source's motion to dismiss pursuant to Rule 12(b)(1) will be denied without prejudice to its renewal after jurisdictional discovery is completed.

### C.     The Rule 12(b)(6) motion to dismiss

In the alternative, Pro-Source has moved to dismiss under Rule 12(b)(6), contending that its website is not a "place of public accommodation" and therefore, Kolesar has failed to state a claim as a matter of law. Pro-Source contends that because it does not have a physical "brick and mortar" storefront, its website alone cannot be considered a "place" of accommodation. It acknowledges, however, that there is a split of authority on this question. *See* ECF No. 14., p. 12.

8

However, given that subject matter jurisdiction is a threshold inquiry which the Court must address before getting to the merits of the case, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988), the Court will deny this alternative ground for the motion to dismiss without prejudice to its renewal once the period of jurisdictional discovery is concluded. *See, e.g., Quintillion Subsea Operations, LLC v. Maritech Project Servcs., Ltd.*, 2023 WL 139663 (S.D. Tex. Jan. 6, 2023) (denying Rule 12(b)(6) motion without prejudice to refiling upon the completion of jurisdictional discovery).

**IV.    Conclusion**

In light of the foregoing, Pro-Source's motion to dismiss the amended complaint [ECF No. 13] will be denied without prejudice. A limited and targeted period of jurisdictional discovery will be permitted.

An appropriate order follows.